[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, People's Bank, initiated this action by filing a complaint against the defendants, Jeanne S. Cochran and Joanne J. Berrieault, on April 16, 1999. The plaintiff seeks to collect $3,498.46 plus interest, late charges, costs of collection and attorney fees from the defendants alleging that the defendants are in default for failure to make payments on a $5000 Fixed Rate Installment Loan (loan) granted them by People's Bank. The defendants, in their answers, admit to all of the allegations in the plaintiff's compliant. The plaintiff, therefore, has filed a motion for summary judgment with a supporting memorandum of law, affidavit and other documentation.
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine CT Page 14045 issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
The plaintiff has submitted an affidavit in support of the motion for summary judgment stating that the defendants' "loan has been in default since or about September 2, 1998, leaving an unpaid balance of $3,498.46 plus interest, late charges, costs of collection and attorney fees", a fact uncontroverted by the defendants. (Affidavit in support of plaintiff's motion for summary judgment, dated July 20, 1999, paragraph 4). Also attached to the motion for summary judgment is plaintiff's exhibit "A", the loan instrument executed on April 28, 1997, further evidencing the defendants' liability on the aforementioned loan. The defendants, in their answers, admit to all of the plaintiff's factual allegations regarding the loan and the defendants' default by failing to make payments on the same. Furthermore, the defendants have not filed an opposition to the motion for summary judgment. Therefore, even when construing the evidence in a light most favorable to the defendants, there exists no material facts in dispute.
For the foregoing reasons, the plaintiff is entitled to summary judgment as a matter of law because the defendants have admitted liability and that they are in default on the loan and no material facts are at issue.
SANDRA VILARDI LEHENY, J.